United States District Court
For The Southern District
Of West Virginia

Shanna Brandon



v.

1:20-cv-00554

Warden Reherman of Alderson FPC

Motion For Appointed Counsel

Comes now Petitioner Brandon, in the above style motion pro se, prays this court construe this motion liberally. (Haines V Kerner, 404 US 519 (1972)).

## Background

November 30, 2016, Shanna Brandon, was sentenced to 84 months, under § 846 and § 841, for a drug conspiracy. In October 2019, Ms. Brandon was transferred to Alderson Federal Prison Camp, from Hazelton Secure Female Facility. November 23, 2019, Ms. Brandon became ill while working as a cook in Alderson's kitchen. She fell while exiting a cooler

(cooler #3), while in the presence of Officer Gabert. Ms. Brandon requested to be seen by medical, and explained to Officer Gabert her symptoms. Ms. Brandon was never seen by medical, and was made to continue to work through her shift. At 9pm, the same night, during count, Ms. Brandon passed out. Lt. Butler brought Ms. Brandon a wheelchair, pushed Ms. Brandon to the officer's office and called medical to report the issue.

### Medical Issue

On November 24, 2019 at around 9:30 am, Ms. Brandon was seen by Nurse Fox, and was told to return the following morning. On November 25, 2019, Ms. Brandon was seen by PA Roberts. PA Roberts informed Ms. Brandon, due to multiple symptoms, there would be a process of elimination, and to watch the callouts for an appointment to see a doctor. In February 2020, Ms. Brandon wrote an inmate request to medical due to symptoms continuing, and not seeing a doctor. As that request went unanswered, Ms. Brandon wrote another request, quoting PA Roberts' "process of elimination", thus resulting in Ms. Brandon's visit on February 28, 2020,

at around 12:15pm. PA Roberts informed Ms. Brandon, Dr. Wright was to see her in December 2019, but failed to do so. PA Roberts expressed her concern for Ms. Brandon's issues, by reviewing multiple conditions that could be cause of Ms. Brandon's complications. At the end of the visit PA Roberts gave Ms. Brandon a provisional diagnosis of heart palpitations, and requested a 24 hour Holter monitor, and again Ms. Brandon was told to watch for an appointment. Ms. Brandon has never received any appointment to date, nearly one year later, as well as never has been examined by a doctor. On June 25, 2020, the request for the Holter monitor was disapproved with no reasoning listed. Ms. Brandon has sent written requests to Health Service Administrator Renih with no answer, as well as verbally requested reasoning for the disapproval, again with no answer.

    Ms. Brandon's condition continues to worsen. From June 2020 to present, Ms. Brandon has informed medical staff of her conditions, via inmate request forms. She has stated pains in her heart, dificulty breathing, diziness, and passing out again on June 21, 2020, as well as blacking out on August 16, 2020. Medical staff have stated

Ms. Brandon has not complained after November 2019, as a response to inmate copouts (requests).

A "Court may exercise it's discretion to appoint counsel for indigent in a civil case"; 28 USC § 1915(d); (see Smith v Blackledge, 451 F.2d 1201, 1203 (4th Cir. 1971)). The Fourth Circuit has stated that counsel should be appointed in circumstances, which "will turn on the quality of two basic factors — the type and complexity of the case, and the abilities of the individuals bringing it" Brock v City of Richmond, 983 F.2d 1055 (4th Cir. 1993).

Petitioner Brandon has no way to medical expert resources, all legal resources have become restricted due to COVID-19 restrictions, and the complexity of a medical malpractice suit, as Ms. Brandon is not learned in the area of law nor medical. Petitioner Brandon requests counsel to persue a medical malpractice suit, as medical staff have been negligent, or otherwise improper, whose preformance and duties should be accounted for, and the standard of care set forth by the W. Va. Code § 55-7B-1 violated.

In conclusion, Petitioner Brandon prays this Court grant this motion to appoint counsel, as to be a guiding hand for Ms. Brandon through the proceeding, and to gather evidence by medical experts, Ms. Brandon would otherwise not have without counsel.

Certificate of Service

I, Shanna Brandon, hereby verify this a true copy of Motion For Appointment of Counsel, and have placed it into the facility's mailing system on the below date.

Shanna Brandon   8-18-20

Shanna Brandon   8-18-20



Shanna Brandon
30717658  Unit A
Federal Prison Camp
P.O. Box A
Alderson, WV  24910

United States District Court
110 N. Heber St.
Room 119
Beckley, WV  25801